GUIDRY, Justice,
concurs and assigns additional reasons.
1I agree that the court of appeal erred in applying La. C.C. article 2315 to find Eagle Pipe, as a subsequent purchaser, was not precluded from seeking reparation from the Oil Company Defendants and the Trucking/Transportation Defendants merely because the alleged damage was hidden at the time it acquired the property. While Eagle Pipe may have sustained damages as a result of the difference between the sale price and actual value of the *289 contaminated property, the law does not now provide a remedy in tort to Eagle Pipe under these circumstances. To hold otherwise, as the defendants correctly point out, an interest in immovable property that has long been recognized as a personal right would be transformed into a real right that runs with the property, potentially ad infinitum, thereby creating an imprescriptible variety of tort action. This is especially compelling in a case such as the instant one where the issue of discovery of hidden property damage is premised on the subjective knowledge of the subsequent purchaser. Moreover, such a holding would also undermine the clarity and predictability of the public records doctrine, discouraging reliance on recorded instruments.
|2In my view, Louisiana law already protects the rights of purchasers of real property, providing the purchaser avails itself of those protections. Under the facts of this case, the property was contaminated during the period the sellers owned it. As such, the sellers, and not Eagle Pipe, would have possessed any personal right of action in tort against these defendants. Eagle Pipe could have protected its rights at the time of purchase, but apparently failed to do so. The record reflects Eagle Pipe, as a sophisticated purchaser — indeed, it was apparently engaged in the same business as the seller’s lessee — neglected to protect its interests, for example, by having the property adequately inspected, by obtaining an express assignment of the seller’s personal rights, or by retaining a redhibitory remedy for the rescission of the sale. Eagle Pipe cannot now seek a remedy in tort where none exists, especially against these defendants, for economic losses sustained as a result of what may have turned out to be an unfavorable business transaction.